UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATHEW-ALLEN MCCASTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00550-KES-CDB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SEAL<br><br>(Doc. 11) |

**Background**

Plaintiff Mathew-Allen McCaster ("Plaintiff"), proceeding pro se and *in forma pauperis*, initiated this action with the filing of a complaint against Defendant United States of America ("Defendant") and others not specifically named in the caption on March 13, 2025, in the District Court of the District of Columbia. (Doc. 1). The action was transferred to this Court on May 9, 2025. (Docs. 6, 7).

On September 22, 2025, the Court adopted the findings and recommendations of the undersigned (*see* Doc. 8), denied Plaintiff's motion for temporary restraining order, and dismissed Plaintiff's complaint with leave to amend certain claims. (Doc. 10). Plaintiff was ordered to file within 21 days from the date of service of the order (*i.e.*, by October 16, 2025) either (1) a first amended complaint curing the deficiencies identified in the findings and recommendations, or (2)

1  a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) if he no
2  longer wishes to pursue this action. *Id.* at 3.

### Plaintiff's Motion to Seal Entire Case File

#### A.   Plaintiff's Motion

Pending before the Court is Plaintiff's motion to seal, filed on October 27, 2025. (Doc. 11). Plaintiff seeks the Court seal the entire case file, including all previously filed materials "referencing or containing" purportedly confidential "tribal-governance records" which he contends "were intended to remain sealed under tribal law and were provided solely for jurisdictional notice, not public dissemination." *Id.* at 1. Plaintiff asserts the tribal documents filed in this litigation are protected by a tribal protective order "designating them confidential judicial records under the authority of the Mathias El Tribe Supreme Court." *Id.* Plaintiff asserts good cause exists under Local Rule 141(a) to seal the entire case, or alternatively, to restrict all entries containing tribal-court materials. *Id.*

#### B.   Governing Authority

Under the First Amendment, the press and the public have a presumed right of access to court proceedings and documents. *See generally Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 510 (1985); *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *cf. Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public."). As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. Cty. & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Where a party seeks to bar the public from accessing a litigation document in connection with a dispositive motion, this presumed right can be overcome if (1) closure serves a compelling

1    interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest
2    would be harmed; and (3) there are no alternatives to closure that would adequately protect the
3    compelling interest. *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1466 (9th Cir. 1990)
4    (citing *Press Enterprise*, 464 U.S. at 510); *Kamakana*, 447 F.3d at 1180. The party seeking to seal
5    a judicial record bears the burden of meeting the "compelling reasons" standard. *Kamakana*, 447
6    F.3d at 1178.

7    Where the documents that the applicant seeks to seal relate to a non-dispositive motion, the
8    applicant must satisfy a "good cause" standard by making a "particularized showing" that "specific
9    prejudice or harm" will result should the information be disclosed. *Foltz*, 331 F.3d at 1131. Broad
10   and unsupported allegations in support of a request to seal fall short of this standard. *Beckman
11   Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992).

12   **C.    Discussion**

13   The Court has considered the reasons advanced by Plaintiff in his motion to seal the entire
14   case in light of the factors set forth in *Oregonian Publ'g Co.* and concludes those reasons do not
15   compellingly outweigh the strong presumption in favor of access to public records.

16   First, the Court notes that Plaintiff's asserted grounds for sealing—that the tribal documents
17   filed in this case are protected by a purported protective order of the "Mathias El Tribe Supreme
18   Court" such that public access would contravene confidentiality obligations and "would violate the
19   Tribe's sovereign control over its records" (Doc. 11 at 1)—fails to establish good cause as the
20   request to seal was made over ten months after this case was first filed, and over five months from
21   the time this case was transferred to this Court. Although Plaintiff represents that certain documents
22   were "intended" to be sealed from the public and proffered only on the limited question of
23   jurisdiction, Plaintiff never before now made such a supposed intention known to the Court.
24   Plaintiff's lack of diligence in seeking confidentiality protections undermines his claim of "specific
25   prejudice or harm" that will result should this case remain open. *See Foltz*, 331 F.3d at 1131.

26   Second, Plaintiff's request fails to inform the Court how sealing of the entire case file or of
27   only the filings containing tribal court materials is warranted. Plaintiff cites no authority in support
28   of sealing of the entire case file based on the inclusion of tribal documents purportedly protected

under the authority of a tribal sovereign. Importantly, Plaintiff does not identify any specific, purportedly confidential "tribal-governance records" warranting sealing.

Accordingly, Plaintiff's motion will be denied. *See Oliner v. Kontrabecki*, 745 F.3d 1024, 1027 (9th Cir. 2014) ("Here, the parties seek to seal the entire record of the proceedings in the district court, including the court's opinion. The district court properly invoked the 'compelling reasons' standard in considering the sealing request. … [Defendant] has not pointed to any compelling reasons that overcome the strong presumption in favor of maintaining public access to court records."); *id.* at 1026 (citing *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) ("This Court has made it clear that our strong presumption of openness does not permit the routine closing of judicial records to the public. The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure. A party who seeks to seal an entire record faces an even heavier burden.")); *e.g.*, *Ellis-Sanders v. Guardian Piazza D'Oro LLC*, No. 25-cv-1379-JO-DDL, 2025 WL 1637043, at *1 (S.D. Cal. June 9, 2025) (denying party's request to seal entire case file for failure to identify particularized harm); *Low v. Bartolotti*, No. 18-00283 JMS-KJM, 2021 WL 2637318, at *2-3 (D. Haw. June 25, 2021) (same); *Rust-Oleum Corp. v. NIC Industries, Inc.*, No. 1:18-cv-01655-CL, 2019 WL 12021389, at *2 (D. Or. Feb. 21, 2019) (same); *Tischer Co. v. Robertson Stevens, Inc.*, No. C 06-2372 SBA, 2007 WL 3287846, at *1-2 (N.D. Cal. Nov. 5, 2007) (same).

**Conclusion and Order**

Accordingly, is it HEREBY ORDERED that Plaintiff's motion to seal the entire case file (Doc. 11) is DENIED.

IT IS SO ORDERED.

Dated:   **November 3, 2025**                           _____
                                                        UNITED STATES MAGISTRATE JUDGE

4