UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mathew-Allen McCaster,<br>Plaintiff,<br>v.<br>United States of America, et al.,<br>Defendants. | Case No. 1:25-cv-00550-KES-CDB<br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>Doc. 15 |

Plaintiff Mathew-Allen McCaster proceeded pro se and in forma pauperis in this civil action. On September 22, 2025, the court issued an order adopting findings and recommendations, denying plaintiff's motion for temporary restraining order, and dismissing plaintiff's complaint with leave to amend as to certain claims. Doc. 10. The court directed plaintiff to file either a first amended complaint or a notice of voluntary dismissal within 21 days. *Id.* at 3. The court warned plaintiff that the failure to timely comply with the order would result in dismissal of this case. *Id.*

Plaintiff failed to file either an amended complaint or a notice of voluntary dismissal, and on November 10, 2025, the court dismissed this action with prejudice. Doc. 13. Judgment was entered accordingly on the same date. Doc. 14.

On February 12, 2026, plaintiff filed a "Notice of Motion and Motion to Vacate Void

Judgment and Correct Jurisdictional Record." Doc. 15. Plaintiff's motion is construed as a motion for reconsideration.

Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A Rule 59(e) motion must be filed no later than twenty-eight (28) days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff's motion does not provide any basis for overturning the court's judgment under Rule 59(e) or 60. Plaintiff has not identified clear error nor manifest injustice in the court's final order dismissing this action. Plaintiff argues that the court lacked subject matter jurisdiction to adjudicate this case, that the filer of this action was his tribe rather than an individual, and that plaintiff did not consent to Article III jurisdiction. Doc. 15 at 2–4. But in his complaint, plaintiff asserted various bases for subject matter jurisdiction, including federal question jurisdiction. *See* Doc. 1 at 1–2. To the extent plaintiff contends that the court lacks jurisdiction over his tribe, plaintiff fails to cite to any valid authority recognizing any such tribe as a sovereign. Plaintiff's request to vacate the judgment based on his unsubstantiated claim to sovereign immunity is

frivolous.

Accordingly, plaintiff's motion for reconsideration, Doc. 15, is denied.

IT IS SO ORDERED.

Dated: September 17, 2026

UNITED STATES DISTRICT JUDGE